264 F.2d 231
 SAFECO INSURANCE COMPANY OF AMERICA, Appellant,
v.
Frank SWAIN, Administrator of the Estate of Leonidas Swain,
Deceased, Charles Swain, Administrator of the Estate of
Preston Swain, Deceased, Georgia Mae Swain, Administratrix
of the Estate of Evan Swain, Deceased, and Lizzie Fritts,
Administratrix of the Estate of Opal Swain, Deceased, Appellees.
 No. 13609.
 United States Court of Appeals Sixth Circuit.
 March 9, 1959.
 
 Viley O. Blackburn, Somerset, Ky. (Albert H. Root, Newport, Ky., Smith & Blackburn, Somerset, Ky., on the brief), for appellant.
 Boyd F. Taylor, London, Ky. (Pleas E. Jones, Williamsburg, Ky., on the brief), for appellees.
 Before SIMONS and ALLEN, Circuit Judges, and O'SULLIVAN, District judge.
 PER CURIAM.
 
 
 1
 Judgments for wrongful deaths of the several decedents Swain had been obtained by their administrators against the Estate of one Rendall McKenzie, driver of one of the vehicles involved in a fatal accident. McKenzie was not the owner of the vehicle driven by him. The instant case is an action on the said judgments brought by plaintiffs against Safeco Insurance Company of America, the insurer of Marjorie Bush, the owner of the vehicle driven by McKenzie.
 
 
 2
 The policy of insurance covered the liability of the named insured and any person legally responsible for the use of the automobile 'provided the actual use of the automobile is by the named insured or with his permission.'
 
 
 3
 The sole question on this appeal is whether the trial court was in error in submitting to the jury the question of whether the deceased McKenzie was, at the time of the accident, driving the Bush vehicle with her permission. Marjorie Bush testified that over a period of time prior to the occasion in question the said McKenzie had on several occasions driven her automobile with her permission. There was evidence that on the day of the accident but prior to the fatal trip, McKenzie was driving the Bush vehicle with her in it. Mrs Bush denied, however, that such permission was given for the particular use which resulted in the deaths of plaintiffs' decedents.
 
 
 4
 The trial court submitted the question of the existence of the essential permission to the jury. The jury found that McKenzie was driving with Mrs. Bush's permission at the time in question. Judgment was entered on the verdict. Appellant here claims that there was not sufficient evidence to permit a jury to find such permission and error is claimed in the trial judge's refusal to direct a verdict.
 
 
 5
 We are satisfied that there was sufficient evidence from which the jury could draw a justifiable inference that such permission existed. The trial court's submission of such question was therefore proper.
 
 
 6
 No other error is claimed. The judgment is accordingly affirmed.